**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHARLES E. ROSS,

      Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General of the United States of
America,

      Defendant-Appellee.

No. 03-1410
(D.C. No. 02-WY-1123-AJ (BNB))
(D. Colo.)

ORDER AND JUDGMENT *

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

Charles E. Ross appeals from the district court's order granting the defendant's motion for summary judgment on his employment discrimination complaint. In his complaint, Ross alleged discrimination based on disability, race, sex, and age; retaliation for filing a charge of discrimination; hostile work environment; and constructive discharge. [1] We affirm.

> We review grants of summary judgment *de novo* to determine whether any genuine issue of material fact exists, viewing all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. However, the nonmovant must establish, at a minimum, an inference of the existence of each element essential to the case.

*Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003) (citations and quotation omitted).

The parties are familiar with the facts. We will summarize them briefly here, in the light most favorable to Ross. Ross, an African-American, worked for the United States Postal Service as a mail handler and group leader at its Denver General Mail Facility (GMF). On October 23, 1998, Ross was involved in an altercation on the workroom floor with an employee in his group, Robert Marks.

---

[1] Although Ross did not identify the statutory basis for his claims, it seems clear that the disability claim was brought pursuant to the Vocational Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794(a), and the remaining claims were brought under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

Ross asserts that this altercation exacerbated his post-traumatic stress disorder (PTSD), caused him to be hospitalized, and made it impossible for him to continue to work in the vicinity of Marks.

The postal service disciplined both Ross and Marks as a result of the incident. Ross eventually obtained a reversal of all discipline through a Merit Systems Protection Board (MSPB) appeal. Although Marks was disciplined, he maintained his bid position at the GMF. Ross's psychiatrist subsequently restricted him from working around Marks. The only medical restriction Ross's doctors placed on his ability to do his job was that he could not work around Marks.

The Postal Service attempted to deal with Ross's inability to work around Marks in several ways. It first advised Ross to request a light duty assignment away from Marks. He did so, on May 25, 1999. Ross worked at the Air Mail Center, near the Denver International Airport, for three months. This assignment ended when Ross's psychiatrist cleared him to return to work without restrictions.

Ross thereafter attempted to return to work in his bid position, on September 1, 1999. When he arrived at the GMF facility, however, he provided management with a letter indicating that he felt that Marks was a threat to himself and to others at the facility. Ross's supervisor advised him that while he could place Ross in another unit to separate him from Marks, he could not guarantee

that Ross would have no contact with Marks in common areas of the facility. Ross completed a report stating that his workplace was unsafe because of Marks, and was then escorted out of the facility.

On September 13, 1999, Ross again attempted to return to work at the GMF facility. He complains that the Postal Service assigned him to work on a loading dock, forbade him to go onto the workroom floor, where he might encounter Marks, and restricted his access to some common areas like restrooms and break rooms. This prevented him from performing his group leader duties. Ross remained at this position for a few days, then was re-hospitalized for stress.

On January 31, 2000, the Postal Service offered Ross a permanent rehabilitation job as a modified mail handler at the Priority Mail Center in Aurora, Colorado. He worked there only a week because his medications left him unable to drive, he could not walk long distances, and the commute was too difficult.

On March 21, 2000, Ross applied for disability retirement, which the Postal Service denied. On September 13, 2000, he applied for regular retirement, which was granted effective September 30, 2000. This complaint followed.

Ross challenges the entry of summary judgment on his disability, race, age, and retaliation claims. The district court concluded that Ross had failed to establish that he had a disability within the meaning of the Rehabilitation Act.

Nor was he "regarded as disabled." Moreover, the district court concluded, the Postal Service made reasonable efforts to accommodate his inability to work around Marks.

The district court further determined that Ross had failed to establish a prima facie case of either racial or age discrimination, and that he had abandoned his claim of reverse sex discrimination. With regard to his retaliation claim, the district court found that Ross failed to show that the Postal Service's non-retaliatory reasons for its actions, that they were attempting to accommodate Ross's inability to work around Marks, was a pretext for retaliation against Ross. Finally, the district court determined that Ross's constructive discharge claim failed because he did not establish that conditions in his workplace were such that a reasonable person would have felt he had no choice but to resign.

On appeal, Ross contends that genuine issues of material fact remain as to his disability, race, age, retaliation, hostile work environment, and constructive discharge claims, and that the district court committed legal error in granting summary judgment. Upon careful consideration of the briefs, the record, and the applicable law, in light of the applicable standard of review, we discern no reversible error presented in this case. Accordingly, the case is AFFIRMED, for

substantially the same reasons stated in the district court's order granting summary judgment, filed August 14, 2003.

Entered for the Court

Bobby R. Baldock
Circuit Judge